UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.:

GILBERTO GARCIA,
and individual,

        Plaintiff,

v.

VSF ENTERPRISES, INC., a Florida
profit corporation, and
VITO STRANO, an individual,

        Defendants.
_____/

## **COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS**

Plaintiff Gilberto Garcia (hereinafter "Garcia") files this Complaint and sues Defendants, VSF Enterprises, Inc. (hereinafter "VSF") and Vito Strano (hereinafter "Strano"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), and in support thereof states as follows:

### **JURISDICTION AND VENUE**

1. Jurisdiction is proper in this Court as claims are brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, to recover overtime wages, liquidated damages, statutory penalties, other damages, and reasonable attorney's fees and costs.

2. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. §1391 because Defendants are employers within the meaning of 29 U.S.C.

§203 located within the Southern District of Florida and as the events giving rise to this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

4. This is an action to recover overtime wages, liquidated damages, statutory penalties, other damages, and reasonable attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §201, *et seq.*

5. At all times material hereto, Plaintiff Garcia has been an adult resident of Miami-Dade County, Florida.

6. At all times material hereto, Defendant Strano has been an adult resident of Miami-Dade County, Florida.

7. Defendant VSF is an "employer" within the meaning of 29 U.S.C. §203(d). Defendant VSF has its principal office and place of business at 20410 SW 360 Street, P.O. Box 343064, Florida City, Florida 33034.

8. At all times material hereto, Defendant Strano has been the President of Defendant VSF and regularly exercised the authority to determine the work schedules of employees, set the rate of pay of employees, and control finances and operations of Defendant VSF. By virtue of such control and authority, Defendant Strano was Plaintiff's employer as such term is defined by the FLSA.

9. Defendant VSF is governed by and subject to 29 U.S.C. §§206 and 207.

10. Defendant Strano is governed by and subject to 29 U.S.C. §§206 and 207.

11. Defendant VSF operates as an organization that sells, markets, or handles goods, materials and/or services for customers throughout the United States, provides its services for

goods sold or transported across state lines, obtains and solicits funds from sources outside of Florida, accepts funds from sources outside of Florida, transmits funds outside of Florida and otherwise regularly engages in interstate commerce.

12. At all material times, Defendants VSF and Strano continued to be "engaged in commerce" within the meaning of 29 U.S.C. §207(a)(1) of the FLSA.

13. Moreover, Defendant VSF's annual gross revenue was in excess of $500,000.00 per annum at all times material to this Action and therefore it was subject to the FLSA's "enterprise coverage".

14. Plaintiff Garcia a non-exempt employee within the meaning of 29 U.S.C. §203(e)(1) of Defendants who has had his overtime wages unlawfully withheld in direct violation of the FLSA within the past two (2) years.

15. At all times material hereto, Defendants VSF and Strano required Plaintiff Garcia to work hours beyond forty (40) hours per week, but Plaintiff Garcia was not compensated for such overtime, despite being a non-exempt employee under the FLSA.

16. Plaintiff Garcia began his employment with Defendants in or around 2007 until he was terminated by Defendants VSF and Strano without cause on or about October 10, 2019.

17. Plaintiff Garcia was employed in the role of a security guard with Defendant VSF and earned $10.00 per hour as of the date of his termination and at all times material to this Action.

18. Plaintiff Garcia's primary function as a security guard was not incidental to any agricultural function of the Defendants' business.

19. Plaintiff Garcia was required by Defendants VSF and Strano to work 100 hour bi-weekly, 365 days per year.

20. Defendants VSF and Strano did not compensate Plaintiff Garcia for all overtime hours worked by Plaintiff Garcia as required under the FLSA.

21. Under the FLSA, Defendants VSF and Strano are required to pay their employees not less than one and one-half times each employee's regular rate of pay for all hours worked over forty (40) hours in a work week.

22. At all times material hereto, Defendants VSF and Strano knew or should have known that by law they were required to pay Plaintiff overtime for all hours worked over forty (40) hours in a work week.

23. At all material times, Defendants VSF's and Strano's actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendants VSF and Strano intentionally and willfully withheld overtime wages to which Plaintiff Garcia was entitled

24. All conditions precedent to bringing this lawsuit have been satisfied or waived.

25. Plaintiff Garcia has retained undersigned counsel to represent him in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services.

## COUNT I
**(Fair Labor Standards Act - Failure to Pay All Earned Overtime Compensation)**

26. Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. At all times material herein, Plaintiff Garcia has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201, *et seq*.

28. Plaintiff Garcia was employed with Defendants VSF and Strano as a security guard and Plaintiff was paid an hourly wage of $10.00 per hour.

29. Defendants VSF and Strano required Plaintiff Garcia to work forty (40) hours per

week plus extended overtime hours beyond the forty (40) hours on a frequent basis.

30. Specifically, Defendants VSF and Strano required Plaintiff Garcia to work 100 hour bi-weeks, 365 days per year.

31. Consequently, Plaintiff Garcia worked overtime for which he is entitled to be compensated.

32. Defendants VSF and Strano are obligated to pay Plaintiff Garcia overtime wages not less than one and one-half times the employee's regular rate of pay for all hours worked over forty (40) hours in a work week.

33. Defendants VSF and Strano have failed and/or otherwise refused to pay Plaintiff for such overtime worked by Plaintiff Garcia and required by Defendants VSF and Strano in violation of the FLSA.

34. At all relevant times, Defendants VSF and Strano have been aware of the provisions of FLSA and/or knew or should have known of their obligation to pay Plaintiff Garcia overtime compensation pursuant to the FLSA, 29 U.S.C. §201, *et seq*. Defendants VSF's and Strano's actions and/or omissions as alleged herein were knowing, willful, in bad faith and/or in reckless disregard of the provisions of the FLSA.

35. As a direct and proximate cause of Defendants VSF's and Strano's willful violations of the FLSA, overtime compensation has been unlawfully withheld from Plaintiff Garcia for which Defendants VSF and Strano are liable pursuant to 29 U.S.C. §216(b) for such withheld overtime wages for the last three (3) years, together with an equal amount of unpaid overtime wages as liquidated damages, interest, reasonable attorney's fees and the costs of this action.

WHEREFORE, Plaintiff, Gilberto Garcia, respectfully requests that this Honorable Court

award Plaintiff Garcia all unpaid overtime compensation and all interest thereon accruing from the date such amounts were due; liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. §216(b); attorney's fees and costs under the FLSA against Defendants VSF and Strano; and such other monetary and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted, this 18th day of March 2020.

> */s/ Miguel Armenteros*
> Miguel Armenteros, Esq.
> Fla. Bar No. 14929
> John W. Annesser, Esq.
> Fla. Bar No. 98233
> Megan H. Conkey, Esq.
> Fla. Bar No. 1002944
> miguel@aa-firm.com
> service@aa-firm.com
> mconkey@aa-firm.com
> jannesser@aa-firm.com
> lconley@aa-firm.com
> ANNESSER ARMENTEROS, PLLC
> 2525 Ponce de Leon Blvd, Suite 625
> Coral Gables, FL  33134
> (786) 600-7446   Telephone
> (786) 607-3022   Facsimile
> *Counsel for Plaintiff*